## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JONATHAN MOORE,
ADC #143334                                                              PLAINTIFF

V.                                    5:12CV00212 BSM/JTR

JERRY ATKINS, Correctional Officer; and
MICHAEL MOSELEY, Lieutenant
Cummins Unit, Arkansas Department of Correction              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Jonathan Moore, is a prisoner in the Varner Super Max Unit of the

Arkansas Department of Correction.  In this *pro se* § 1983 action, he alleges that

Defendant violated his constitutional rights while he was in the Cummins Unit.  *See*

docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II.  Discussion

### A.     Plaintiff's Claim Against Defendant Atkins

On November 7, 2011, Plaintiff alleges that Defendant Atkins returned him to his cell after morning shower call.  *See* docket entry #2.  Upon arriving at the cell, Defendant Atkins realized that he did not have the keys to Plaintiff's handcuffs.  *Id.* He left Plaintiff handcuffed in his cell, while he searched for the keys.  *Id.* Approximately two hours later, Defendant Atkins returned with the keys and removed Plaintiff's handcuffs. *Id.* Plaintiff alleges that, during the two hours he was handcuffed inside his cell, he was not "fed" his breakfast.  *Id.* at 3.

To state a viable Eighth Amendment conditions of confinement claim, a prisoner must allege that:  (1) objectively, the deprivation was sufficiently serious to

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

As to the first element, the Eighth Circuit has held that being handcuffed for *more* than two hours and the denial of a single meal do *not* rise to level of a constitutional violation. *See Reynolds v. Dormire*, 636 F.3d 976, 979-980 (8th Cir. 2011) (holding that a prisoner, who was handcuffed "throughout the day" while being transported, did not state a viable § 1983 claim); *Williams v. Harness;* Case No. 99-1326, 2000 WL 573448 (8th Cir. May 10, 2000) (unpublished opinion) (holding that the denial of a single meal does not rise to the level of a constitutional violation). As to the second element, nothing in Plaintiff's allegations suggest that Defendant Atkins was deliberately indifferent to any risk of harm associated with leaving him handcuffed in his cell for a relatively short period of time. *See Reynolds,* 636 F.3d at 979 (explaining that "deliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk"); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (same).

Accordingly, the Court concludes that Plaintiff has failed to state a viable §

1983 claim against Defendant Atkins.

**B.      Plaintiff's Claim Against Defendant Moseley**

Plaintiff alleges that Defendant Moseley violated his constitutional rights when he failed to file an incident report about Defendant Atkins' misplacing the handcuff keys.  *See* docket entry #2.   While Defendant Moseley's alleged failure to file an incident report may have violated a prison rule or regulation, it does not rise to the level of a constitutional violation.   Furthermore, it is well settled that prisoners do not have a constitutional right to enforce compliance with prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, Plaintiff has failed to state a viable constitutional claim against Defendant Moseley.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 29th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE